WILFRED R. WOOD AND HAROLD BOUTON, ANCILLARY
RECEIVERS OF INTERNATIONAL COMBUSTION TAR
AND CHEMICAL CORPORATION, AND INTERNATIONAL
COMBUSTION TAR AND CHEMICAL CORPORATION,
PROSECUTORS, v. THE BOARD OF COMMISSIONERS
OF THE CITY OF NEWARK, DEFENDANTS.

Argued October term, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the prosecutors, *Pitney, Hardin & Skinner.*

For the defendants, *Frank A. Boettner* (*Louis A. Fast,*
of counsel).

PER CURIAM.

This is a sewer assessment case. The prosecutors have a
writ of *certiorari* to review the assessments made by com-
missioners to assess damages for benefits to property owned
by them, and argue their case under five heads. It may be
well to note that the prosecutors made no objection to the
confirmation of the report of the commissioners by the Cir-
cuit Court when the matter was presented to that tribunal,
and therefore the amount of the award, if otherwise legal, is
not involved.

It is first said that the lands of the prosecutors derive no
benefit from the sewer, and this because the street in which
the sewer is laid and the lands of the prosecutors at the
present time lie below the level of the sewers. The lands of
the prosecutors abut directly on the street in which the sewer

is laid, and it would be an unusual case that would justify a holding that abutting lands of a street in which a sewer is laid derive no benefit from such a construction from the mere fact that the land at present lies below the level of the sewer. Such condition is not unusual. To utilize the land obviously it must be filled in at least to the grade corresponding to that of the highway, which was testified in this case would be from three to six feet above the top of the sewer, and it is equally obvious both from the nature of the case and the testimony that the sewer would be essential, in the absence of other means, to the drainage of the surface and of any sewage disposal resulting from construction on the land. This contention is, therefore, without merit.

It is next said that the present facilities for drainage are adequate. The evidence does not satisfy us that this is so, or that those existing would be ultimately permitted.

It is next said that the assessments made are not limited to the peculiar benefit had nor are they in accordance with the benefit derived as required by the act under which the assessment is made. We think this contention is not well founded. There is nothing in the findings of the commissioners to justify such an inference.

The contention that there is violation of the provision of the constitution which requires that property must be assessed for taxes under general laws and by uniform rules according to its true value is without substance. Benefits as here assessed have been too long sanctioned by judicial ruling to be now of doubtful validity.

The fifth point is that the assessments are for future benefits. We do not understand this to be the fact. Because the commissioners may have taken into consideration the future use it by no means indicates that they were assessing damages for future benefits, but rather that they were using that future use as a basis upon which to predicate a present benefit.

The assessments are affirmed, with costs.